**UNITED STATES of America,**
**Appellee,**

v.

**Ramon FERNANDEZ, Escolastico Taveras, Felix Abreu, Juan Luciano, Dewel Montalvo, Bladimir Jimenez and Eduardo Adames, Defendants,**

**Ramon Ramos, also known as "Cuca",**
**Defendant–Appellant.**

**No. 06–0200–CR.**

United States Court of Appeals,
Second Circuit.

March 12, 2007.

Richard B. Lind, Esq., New York, NY, for Appellant.

Lauren M. Ouziel, Assistant United States Attorney (Celeste L. Koeleveld, on the brief) for Michael J. Garcia, United States Attorney, Southern District of New York, for Appellee.

Present: DENNIS JACOBS, Chief Judge, RICHARD J. CARDAMONE and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Ramon Ramos appeals from an April 25, 2002 judgment of conviction entered in the District Court for the Southern District of New York (Chin, J.), sentencing him principally to 121 months' incarceration for conspiring to distribute and to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841, 846. We assume the parties' familiarity with the underlying facts, the procedural history and the issues presented for review.

Ramos argues that the district court erred by enhancing his offense level for obstruction of justice under U.S.S.G. § 3C1.1. "On review of a district court's decision to enhance a defendant's sentence for obstruction of justice, we accept the court's findings of facts unless they are clearly erroneous. We review *de novo* a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts." *United States v. Agudelo,* 414 F.3d 345, 348 (2d Cir.2005) (internal citation omitted).

The district court found that Ramos had repeatedly engaged in obstructive conduct:

[I]nitially [Ramos] stated ... that he delivered the envelope and that he didn't know what was in it. Initially in his affidavit he denied having anything to do with drugs. Then in the next version he admitted delivering an envelope, but denied knowledge as to what was in it. Then in the third investigation he admitted delivering the envelope and admitted knowing that it contained heroin, but denied that he had done it more than twice. Then in the end, based on the evidence, I concluded that he had done it a lot more than two times.

Ramos first contends that the district court failed to make specific findings as to the willfulness and intentionality of the false statements that (he does not deny) he made to the court. To the contrary, when the district court declined to resentence Ramos pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), it observed that Ramos's

false statements were intended to influence the Court as it considered Ramos's suppression motion and whether to accept Ramos's plea.... [H]e obviously was trying to minimize his culpability to reduce his sentencing exposure. He consciously acted to obstruct justice.

Ramos also argues that his lies were intended to minimize his involvement in the crime rather than to mislead the Court. For present purposes, that is not a useful distinction.

We have considered all of Ramos's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.** Any outstanding motions are **DENIED** as moot.